COPY

1   Scott R. Miller (State Bar No. 112,656)
2   smiller@cblh.com
    Keith D. Fraser (State Bar No. 216,279)
3   kfraser@cblh.com
    CONNOLLY BOVE LODGE & HUTZ LLP
4   333 S. Grand Ave., Suite 2300
5   Los Angeles, CA 90071
    Tel: (213) 787-2500
6   Fax: (213) 687-0498
7
8   Attorneys for Plaintiffs,
    Uniloc Corporation Pty Limited, Uniloc USA,
9   Inc. and Uniloc (Singapore) Private Limited

FILED

2008 MAY 30 PM 3: 51

CLERK U.S. DISTRICT COURT
CENTRAL DIST. O  CALIF.
LOS ANGELES

BY _____

10

11

12              **IN THE UNITED STATES DISTRICT COURT**

13            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

14                        **SOUTHERN DIVISION**

15

| | |
|---|---|
| 16   UNILOC CORPORATION PTY LIMITED, an Australian Proprietary Limited Company, UNILOC USA, INC., a Rhode Island Corporation, and UNILOC (SINGAPORE) PRIVATE LIMITED, a Singapore Corporation<br><br>                    Plaintiffs,<br><br>         v.<br><br>XTREAMLOK, PTY, an Australian Proprietary Limited Company; and SYMANTEC CORPORATION, a Delaware Corporation, and DOES 1 to 10,<br><br>                    Defendants. | Civil Action No._____<br><br>**CV08 - 03574 DSF  (CTx)**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, BREACH OF CONTRACT and VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ***<br><br><br><br>**Demand for Jury Trial** |

27

28

COMPLAINT FOR PATENT INFRINGEMENT
614430_1

Plaintiffs Uniloc USA, Inc., Uniloc Corporation Pty Limited, and Uniloc (Singapore) Private Limited (collectively "Uniloc") file this complaint against Defendants XtreamLok Pty Limited ("XtreamLok") and Symantec Corporation ("Symantec"), and allege as follows:

The Parties

1.     Plaintiff Uniloc Corporation Pty Limited (hereinafter "Uniloc Australia") is a Proprietary Limited Company existing under the laws of Australia.  Plaintiff Uniloc USA, Inc. (hereinafter "Uniloc USA") is a corporation existing under the laws of Rhode Island.  Plaintiff Uniloc (Singapore) Private Limited (hereinafter "Uniloc Singapore") is a limited liability company existing under the laws of Singapore.  Uniloc's global headquarters and principal place of business is within this judicial district at 3333 Michelson Drive, Suite 600, Irvine, California 92612.

2.     On information and belief, Symantec Corporation (hereinafter "Symantec") is a Delaware corporation having a principal place of business at 20330 Stevens Creek Blvd., Cupertino, California 95014.

3.     On information and belief, XtreamLok is a Proprietary Limited Company existing under the laws of Australia. On information and belief, XtreamLok is a wholly owned subsidiary of Symantec and/or Symantec is the successor in interest to the business and obligations of XtreamLok.

4.      Plaintiffs are ignorant of the true names of the defendants sued as DOES 1 through 10 and such names are fictitious. Plaintiffs will amend their Complaint if and when the true names of such defendants are ascertained.

### Jurisdiction and Venue

5.      This is an action for patent infringement arising under Title 35 of the United States Code as hereinafter more fully appears.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332.  This is also an action for related breach of contract and unfair business practices.  This Court has supplemental jurisdiction thereover pursuant to 28 U.S. 1367(a).

6.      Upon information and belief, Defendants do business in this district and have committed acts of patent infringement in this district.  In addition, the contract between the parties complained of herein was negotiated, entered into and breached in this district.  Moreover, the contract includes a forum selection clause which specifies this District for the resolution of all disputes.  Venue is proper under 28 U.S.C. §§ 1391(b)(2) and 1400, and per the agreement of the parties.

### Background

7.      The allegations in paragraphs 1-6 are incorporated by reference, as if fully set forth herein.

COMPLAINT FOR PATENT INFRINGEMENT          3

8.     Uniloc, *inter alia,* researches, develops, manufactures and sells technology security solutions, including solutions for securing software and other forms of media.

9.     On February 6, 1996, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,490,216 ("the '216 Patent"). The '216 Patent is entitled "System for Software Registration." A true and correct copy of the '216 Patent is attached hereto as Exhibit A.

10.     The '216 Patent is generally directed to systems and methods for securely registering software and other digital media to prevent software piracy. Uniloc owns all rights, title, and interest in the '216 Patent.

11.     On or about September 10, 2002, Uniloc entered into a Patent License Agreement with XtreamLok.  The Patent License Agreement granted XtreamLok a non-exclusive license to use and sell the inventions described in the '216 Patent in limited territories.  A true and correct copy of the Patent License Agreement is attached hereto as Exhibit B.

12.     Pursuant to the terms of the Patent License Agreement, XtreamLok was required to pay to Uniloc a royalty based on all revenues received by XtreamLok for its sale of any of its products under the '216 Patent ("Licensed Products").  In addition, the contract requires XtreamLok to provide information and reports, pay a guaranteed minimum annual royalty as an advance against any royalties due during that same annual period ("Guaranteed Minimum

Royalty"), permit Uniloc access to records necessary to permit an audit of the royalties as paid and to submit to Uniloc samples of all Licensed Products.

13.    On or after the effective date of the License Agreement, XtreamLok sold Licensed Products to Symantec.

14.    Symantec thereafter made payments to XtreamLok for its use of Uniloc's Licensed Products.  On information and belief, Symantec's royalty payments to XtreamLok far exceeded the amounts reported to Uniloc under the License Agreement and/or were arranged so as to artificially minimize such amounts in an effort to wrongfully reduce the royalties payable to Uniloc under the License Agreement.  On information and belief, Symantec continued to make payments to XtreamLok for its use of Uniloc's Licensed Products in amounts in excess of the amounts reported to Uniloc under the License Agreement, or has sought to artificially minimize the reporting of such amounts in an effort to wrongfully reduce the royalties payable to Uniloc under the License Agreement.

15.    XtreamLok has tendered to Uniloc, and Uniloc has rejected, the Guaranteed Minimum Royalty under the Patent License Agreement.  Uniloc is informed and believes that such amounts understate the true amounts on which royalties are due to Uniloc under the License Agreement.

16.    On information and belief, in or about May 2005, Symantec purchased XtreamLok. Thereafter, and continuing to the present, Symantec has

tendered to Uniloc, and Uniloc has rejected, the Guaranteed Minimum Royalty to Uniloc under the Patent License Agreement.  Uniloc is informed and believes that such amounts understate the true amounts on which royalties are due to Uniloc under the License Agreement.

17.    Uniloc has demanded information pursuant to the audit provisions of the License Agreement.

18.    Defendants' actions have caused a failure of consideration of the Patent License Agreement  and Uniloc has provided notice of such failure and its right to rescind the Patent License Agreement and/or Defendants' breach.

<u>Count I – Breach of Written Contract</u>

19.    The allegations in paragraphs 1-18 above are incorporated by reference, as if fully set forth herein.

20.    On or about September 10, 2002, Uniloc entered into the Patent License Agreement with XtreamLok.

21.    XtreamLok breached the Patent License Agreement and/or caused a failure of consideration of the Patent License Agreement by, including, but not limited to, failing to pay the royalties due to Uniloc for XtreamLok's use and sale of the Licensed Products, by failing to provide samples of the Licensed Products to Uniloc for Uniloc's approval and by its failure to provide adequate information to Uniloc to allow Uniloc to properly audit the royalty reports made by XtreamLok and/or Symantec.

22.    XtreamLok breached the Patent License Agreement and/or caused a failure of consideration of the Patent License Agreement by, *inter alia*, improperly categorizing the bulk of the payments received from Symantec for its use of Uniloc's Licensed Products as service fees instead of payments for use of Uniloc's licensed products and thus failing to properly account to and pay Uniloc the contracted royalty for the fees XtreamLok received from Symantec.

23.    Symantec, as the successor in interest to XtreamLok and stands in the shoes of XtreamLok, has breached the Patent License Agreement and/or caused a failure of consideration of the Patent License Agreement by, including, but not limited to, failing to pay the royalties due to Uniloc for Symantec's use and sale of the Licensed Products and for failing to provide samples to Uniloc of the Licensed Products.

24.    As a result of Defendants' breach of the Patent License Agreement, and/or as a result of the failure of consideration caused by the Defendants' actions, Uniloc has failed to receive the benefit of the bargain of the Patent License Agreement. As a result, Uniloc has suffered, and continues to suffer damages and irreparable injury, and Defendants and each of them have been unjustly enriched.

## Count II – Infringement of U.S. Patent No. 5,490,216

25.    The allegations in paragraphs 1-24 above are incorporated by reference, as if fully set forth herein.

COMPLAINT FOR PATENT INFRINGEMENT                7

26.    XtreamLok's manufacture, use, offers to sell and sales of software security products, including, but not limited to, the Licensed Products, has directly infringed and continues to directly infringe one or more claims of the '216 Patent.

27.    XtreamLok's actions have actively induced others to infringe one or more claims of the '216 Patent and/or has contributed to the infringement of one or more of the claims of the '216 Patent by XtreamLok's customers and/or their products.

28.    On information and belief, Symantec manufactures, uses, offers to sell and sells software security products, including, but not limited to, Norton AntiVirus, using the technology licensed in the Patent License Agreement, including sales outside the Territory of the Patent License Agreement. As such, Symantec has directly infringed and continues to directly infringe one or more claims of the '216 Patent.

29.    Symantec's actions have actively induced others to infringe one or more claims of the '216 Patent and/or has contributed to the infringement of one or more of the claims of the '216 Patent by Symantec's customers and/or their products.

Count III – Violation of Cal. Bus. & Prof. Code §§ 17200 *et seq*

30.    The allegations in paragraphs 1-29 above are incorporated by reference, as if fully set forth herein.

COMPLAINT FOR PATENT INFRINGEMENT          8

31.    Defendants' actions alleged above constitute unlawful, unfair or fraudulent business acts or practice in violation of the California Business & Professions Code §§ 17200 *et seq.*

## Prayer for Relief

WHEREFORE, plaintiff Uniloc respectfully prays that the Court enter judgment in their favor and against Defendants as follows:

a.    That XtreamLok be adjudged to have breached the Patent License Agreement;

b.    That Symantec be adjudged to have breached the Patent License Agreement;

c.    That the Patent License Agreement be rescinded;

d.    That Uniloc be awarded all damages and/or quantum meruit and/or unjust enrichment to which it is entitled as a result of Defendants' breach of the Patent License Agreement and/or the failure of consideration.

e.    That XtreamLok be adjudged to have directly infringed, induced others to infringe and/or contributed to the infringement of one or more claims of the '216 Patent;

f.    That XtreamLok's infringement is found to have been willful, deliberate, and with actual knowledge of the '216 patent;

g.    That Symantec be adjudged to have directly infringed, induced others to infringe and/or contributed to the infringement of one or more claims of the '216 Patent;

h.    That Symantec's infringement is found to have been willful, deliberate, and with actual knowledge of the '216 patent;

i.    That Uniloc be awarded all damages to which it is entitled under 35 U.S.C. §284;

j.    That such damages be trebled pursuant to 35 U.S.C. § 284;

k.    That the Court enter a preliminary and permanent injunction barring Defendants, their officers, agents, servants, employees and attorneys, alter-egos and their successors and assigns, as well as those persons in active concert or participation with them who receive actual notice of the judgment, from infringing, actively inducing the infringement of and/or contributing to the infringement of any claim of the '216 Patent, including, but not limited to making, importing, using, offering for sale, or selling any devices or systems that infringe, or using processes that infringe the '216 Patent;

l.    That the Court find that this is an exceptional case under 35 U.S.C. §285 entitling Uniloc to an award of its attorneys' fees;

m.    That Uniloc be awarded its costs and interest; and

n.    That Uniloc receive such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Connolly Bove Lodge & Hutz LLP
Scott R. Miller
Keith D. Fraser

Dated:  May 30, 2008.

By: _____
    Scott R. Miller

Attorneys for Plaintiffs
Uniloc USA, Inc., Uniloc Corporation
Pty Limited, and Uniloc (Singapore)
Private Limited

COMPLAINT FOR PATENT INFRINGEMENT          11

1

2

### Demand for Jury Trial

3    Pursuant to Fed. R. Civ. P. 38(b) and Local Rule 38-1, plaintiffs Uniloc

4    USA, Inc., Uniloc Corporation Pty Limited, and Uniloc (Singapore) Private

5

6    Limited hereby demand a trial by jury on all issues so triable.

7                                        Respectfully Submitted,

8                                        Connolly Bove Lodge & Hutz LLP
9                                        Scott R. Miller
                                         Keith D. Fraser
10

11   Dated:  May 30, 2008.             By:_____
12                                        Scott R. Miller

13                                        Attorneys for Plaintiffs
14                                        Uniloc USA, Inc., Uniloc Corporation
                                         Pty Limited, and Uniloc (Singapore)
15                                        Private Limited

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PATENT INFRINGEMENT        12

# EXHIBIT A

US0...90216A

# United States Patent [19]

## Richardson, III

[11] Patent Number: 5,490,216

[45] Date of Patent: Feb. 6, 1996

[54] **SYSTEM FOR SOFTWARE REGISTRATION**

[75] Inventor: **Frederic B. Richardson, III,** Brookvale, Australia

[73] Assignee: **Uniloc Private Limited,** Singapore

[21] Appl. No.: **124,718**

[22] Filed: **Sep. 21, 1993**

[30] **Foreign Application Priority Data**

| Sep. 21, 1992 | [AU] | Australia | PL4842 |
| Oct. 26, 1992 | [AU] | Australia | PL5524 |

[51] **Int. Cl.⁶** ........................................ **H04L 9/00**

[52] **U.S. Cl.** ........................................ **380/4;** 380/23

[58] **Field of Search** .............................. 380/3, 4, 23, 24, 380/25

[56] **References Cited**

U.S. PATENT DOCUMENTS

| 4,654,799 | 3/1987 | Ogaki et al. . | |
| 4,688,169 | 8/1987 | Joshi . | |
| 4,796,220 | 1/1989 | Wolfe . | |
| 4,982,430 | 1/1991 | Frezza et al. . | |
| 4,999,806 | 3/1991 | Chernow et al. | 380/4 |
| 5,191,611 | 3/1993 | Lang | 380/4 |
| 5,199,066 | 3/1993 | Logan | 380/4 |
| 5,222,133 | 6/1993 | Chou et al. | 380/4 |
| 5,239,166 | 8/1993 | Graves . | |
| 5,239,648 | 8/1993 | Nukui | 380/4 |
| 5,287,408 | 2/1994 | Samson | 380/4 |
| 5,291,598 | 3/1994 | Grundy . | |
| 5,313,637 | 5/1994 | Rose | 380/4 |
| 5,319,705 | 7/1994 | Halter et al. | 380/4 |
| 5,337,357 | 8/1994 | Chou et al. | 380/4 |
| 5,343,526 | 8/1994 | Lassers | 380/4 |
| 5,349,643 | 9/1994 | Cox et al. | 380/4 |
| 5,371,792 | 12/1994 | Asai et al. | 380/4 |
| 5,379,433 | 1/1995 | Yamagishi | 380/4 |

| 5,386,468 | 1/1995 | Akiyama et al. | 380/4 |
| 5,388,211 | 2/1995 | Hornbuckle | 380/4 |
| 5,390,297 | 2/1995 | Barber et al. | 380/4 |

FOREIGN PATENT DOCUMENTS

WO9209160  5/1992  WIPO .

*Primary Examiner*—David C. Cain
*Attorney, Agent, or Firm*—Knobbe, Martens, Olson & Bear

[57] **ABSTRACT**

A registration system allows digital data or software to run in a use mode on a platform if and only if an appropriate licensing procedure has been followed. Preferably, the system detects when part of the platform on which the digital data has been loaded has changed in part or in entirety, as compared with the platform parameters, when the software or digital data to be protected was last booted or run. The system relies on a portion of digital data or code which is integral to the digital data to be protected by the system. This integral portion is termed the code portion and may include an algorithm that generates a registration number unique to an intending licensee of the digital data based on information supplied by the licensee which characterizes the licensee. The algorithm in the code portion is duplicated at a remote location on a platform under the control of the licensor or its agents, and communication between the intending licensee and the licensor or its agent is required so that a matching registration number can be generated at the remote location for subsequent communication to the intending licensee as a permit to licensed operation of the digital data in a use mode. The code portion can be identical for all copies of the digital data. The algorithm provides a registration number which can be "unique" if the details provided by the intending licenses upon which the algorithm relies when executed upon the platform are themselves "unique".

**20 Claims, 12 Drawing Sheets**



**EXHIBIT A**

13



FIG. 1

**EXHIBIT A**



FIG. 2a



FROM FIG. 2a

FIG. 2b

A SERIAL NO. IS GENERATED
BY THE APPLICATION USING
INFORMATION FROM THE USER
ENVIRONMENT (E.G. TIME, MACHINE
TYPE, LAST MODIFICATION DATE)

SERIAL NO. IS ENCRYPTED,
REARRANGED AND PRESENTED AS
A NUMBER IN THE SERIAL NO. FIELD
OF THE REGISTRATION DIALOG BOX.

C

REGISTRATION DIALOG BOX: USER MUST
ENTER DETAILS IN THE SPECIFIED
FIELDS IN ORDER TO REGISTER THE PRODUCT INCLUDING:
NAME, COMPANY, ADDRESS, CONTACT NUMBER (PHONE
AND CREDIT CARD DETAILS OR CORPORATE ACCOUNT NO.)

USER CALLS THE NEAREST ADMINISTRATION CENTER
(FROM CONTACT DIALOG BOX) AND COMMUNICATES
THE REGISTRATION DETAILS AS WELL AS
THE SERIAL NO. GENERATED BY APPLICATION

PUBLISHER USES
REGISTRATION DETAILS
IN UNLOCKING APPLICATION

PAYMENT
DETAILS
CONFIRMED
(E.G. CREDIT CARD)

REGISTRATION NO. GENERATED
FROM USER DETAILS ADDED TO
SERIAL NO. IS ENCRYPTED
AND RE-ARRANGED

USER GIVEN REGISTRATION NO.

GO TO FIG. 2c

EXHIBIT A

16



*FIG. 2c*

FROM FIG. 2b

USER TYPES IN REGISTRATION NUMBER

APPLICATION USES UNLOCKING ALGORITHM TO CHECK VALIDITY

VALID ?

NO

YES

ALERT DIALOG BOX: USER TOLD THE REGISTRATION NO. IS INCORRECT AND ASKED TO CALL THE OPERATOR FOR ASSISTANCE IN CHECKING REGISTRATION DETAILS. USER GIVEN 3 ATTEMPTS TO REGISTER AFTER WHICH THE PROGRAM AUTOMATICALLY REVERTS TO DEMO VERSION

RUN FULL VERSION

RUN DEMO VERSION

**EXHIBIT A**

17



*FIG. 3*

## *FIG. 4*

**EXHIBIT A**



## FIG. 5

EXHIBIT A



*FIG. 6*